EMPRESAS OMAJEDE, INC.,
Plaintiff, Appellant,

v.

A.J. BENNAZAR–ZEQUEIRA; La Electronica, Inc.; William Vidal–Carvajal; Antonio I. Hernandez–Rodriguez; Ismael Colon–Perez; Carlos R. Rios–Gautier; Juan Carlos Pou; Defendants, Appellees.

No. 99–1242.

United States Court of Appeals,
First Circuit.

Heard March 7, 2000.

Decided May 24, 2000.

Antonio Betancourt for appellant.

José R. García–Pérez, with whom Bufete Bennazar, C.S.P. was on brief, for appellee A.J. Bennazar–Zequeira.

William M. Vidal–Carvajal, with whom Antonio I. Hernández–Rodríguez was on brief, for appellees Antonio I. Hernández–Rodríguez, William M. Vidal–Carvajal and Ismael R. Colón–Pérez.

Juan Carlos Pou with whom Juan Carlos Pou Law Offices was on brief, for appellees Juan Carlos Pou and Carlos R. Ríos–Gautier.

Before TORRUELLA, Chief Judge, COFFIN, Senior Circuit Judge, and LIPEZ, Circuit Judge.

TORRUELLA, Chief Judge.

This appeal presents a particularly ugly set of facts, in which a divorce and division of conjugal property have given rise to some five bankruptcy proceedings and thirteen adversary proceedings, which together have burdened the bankruptcy court, the district court, and now this Court. We need not reach the merits of the current sanctions dispute, however, because we do not have jurisdiction to consider the present appeal at this time. Furthermore, because we find this appeal to have been frivolously and vexatiously filed, we award costs to the appellees and grant appellee Bennazar's motion for attorney's fees.

## I. Factual Background

We give only a very brief factual background, omitting the details of the underlying domestic squabbles and related bankruptcy proceedings, although we do not doubt their relevancy to the sanctions issue.

Following the divorce of Reinaldo Betancourt–Viera and Olga Capó–Román, the ensuing division of conjugal property resulted in, *inter alia,* (1) Ms. Capó–Román and her two children, Antonio Betancourt and Delfina Betancourt, acquiring equity securities in a company called Empresas Omajede, Inc. and (2) Mr. Betancourt Viera and his daughter from another marriage, María Luisa Betancourt, becoming the principals of La Electrónica, Inc., an affiliate of Empresas Omajede. For reasons not explained to this Court, La Electrónica filed a petition for bankruptcy on June 28, 1989, and Empresas Omajede filed a petition for reorganization on July 13, 1990. That litigation somehow blossomed to include a total of five bankruptcy and thirteen adversary proceedings before the bankruptcy court, several of which have been appealed to the district court, and at least one aspect of which now concerns this Court.

On February 24, 1994, Antonio Betancourt, Delfina Betancourt, and Olga Capó–Román filed a motion requesting that the bankruptcy court impose sanctions pursuant to Federal Rule of Civil Procedure 11 on A.J. Bennazar–Zequeira, Antonio Hernández–Rodríguez, William Vidal–Carvajal, Ismael Colón–Pérez, Carlos Ríos–Gautier, Juan Carlos Pou, María Luisa Betancourt,[1] and La Electrónica. Bennazar, Hernández, Vidal, Colón, Ríos, and Pou are all attorneys who at some time during these proceedings represented La Electrónica, but who have since withdrawn their appearances. The motion alleged that the attorneys, La Electrónica, Mr. Betancourt–Viera and María Luisa Betancourt engaged in a "persistent pattern of clearly abusive litigation activity" warranting sanctions under Rule 11.

The bankruptcy court denied the motion for sanctions without reasons in a margin order. On appeal, the district court re-

---

1. The motion was withdrawn as to Ms. Betancourt after her death in 1995.

manded to the bankruptcy court for a statement of reasons. *See Empresas Omajede, Inc. v. Bennazar–Zequeira,* Civ. No. 98-1374 (D.P.R. Jan. 31, 1997). On remand to the bankruptcy court, another motion for sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 was filed December 30, 1997, alleging further abuses by attorneys Hernández, Vidal, and Colón. The bankruptcy court reaffirmed its prior decision on the Rule 11 motion and denied the Rule 9011 motion in a written opinion issued January 26, 1998. *See In re Empresas Omajede, Inc.,* B90–03612 (Bankr.P.R. filed Feb. 5, 1998) (hereinafter "Bankr.Op."). The court made specific findings as to the allegations against each responding attorney and held that none had engaged in sanctionable conduct. The court added the following:

> This court's denial of the motion [for sanctions] was based in part upon a finding that the conduct complained of did not constitute a violation of Fed. R.Civ.P. 11. However, and perhaps more importantly, it reflected this court's impression that the litigation tactics objected to are not unknown to the debtor corporation and the various attorneys who have represented it. In so stating, the court does not mean to impugn any of the respected professionals who have been involved in this case and related matters; rather it is a reflection upon the parties themselves, who have allowed and encouraged what began as a domestic matter between Don Reinaldo Betancourt Viera and Doña Olga Capó Román to balloon into an all-out war which has lasted nearly nine years, encompassed (to date) five bankruptcy proceedings and thirteen adversary proceedings, and cost hundreds of thousands of dollars in attorney's fees and untold hours of the bankruptcy and dis-

trict courts spent resolving these matters, only to have the parties renew their arguments in a different manner, in a different proceeding, or in a different forum.

Bankr.Op. at 9.

The district court, on December 22, 1998, upheld the bankruptcy court's denial of the motion for sanctions.[2] The district court noted that the bankruptcy court was "steeped in the facts and sensitive to the interplay amongst the protagonists" and deferred to the bankruptcy court's determination that sanctions were inappropriate. *See In re Empresas Omajede, Inc.,* 227 B.R. 767, 769 (D.P.R.1998).

True to form, Antonio Betancourt, Delfina Betancourt, and Olga Capó–Román brought this appeal,[3] renewing their allegations of outrageous tactics by the former attorneys for La Electrónica. At oral argument, it was disclosed that some part of the underlying bankruptcy litigation between the parties was still ongoing before the bankruptcy court. The Court requested that the parties submit supplemental briefs on the issue of whether the Court had jurisdiction to entertain the present appeal. The Court has received those supplemental briefs, and it now appears that judgment has been entered by the bankruptcy court in all but one of the underlying proceedings, but several of those decisions are pending appeal before the district court. Furthermore, at the time of the district court's December 22, 1998 decision affirming the denial of sanctions, judgment had not been rendered in Omajede's bankruptcy proceeding. Given that procedural history, the first question we must reach today is whether the bankruptcy court's order denying sanctions was immediately appealable despite its interlocutory nature. We hold that it was not.

2. The district court stated, without analysis, that it had jurisdiction pursuant to 28 U.S.C. § 158(a).

3. Despite the caption, these three individuals are the true appellants in this case, rather than the corporation as such. Appellants filed the sanctions motion with the bankruptcy court, acting in their capacities as individual equity security holders of Empresas Omajede, Inc.

## II. Law and Application

### A. *Jurisdiction*

 Even if an award of sanctions were appealable by a sanctioned attorney prior to the entry of judgment,[4] the *denial* of a sanctions motion is not subject to interlocutory appeal. *See, e.g, McCright v. Santoki,* 976 F.2d 568 (9th Cir.1992); *Haskell v. Washington Township,* 891 F.2d 132 (6th Cir.1989). This is consistent with the general rule that the denial of a motion is not immediately appealable, and we agree with our sister circuits that *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), does not provide for interlocutory review of a denial of sanctions. The district court, therefore, was without jurisdiction to hear appellants' appeal before final judgment was granted in the underlying bankruptcy proceedings, and we are likewise without jurisdiction to consider the sanctions issue until the bankruptcy court and the district court have entered final judgments in this case. The appeal will be dismissed.

### B. *Attorney's Fees and Costs*

 Although we do not have jurisdiction to review the denial of sanctions, there are two matters over which we do have jurisdiction: a motion filed by appellee Bennazar requesting attorney's fees and costs, and the requests of other appellees seeking costs. These matters are properly before us because they concern the nature of the present appeal, rather than the merits of the decisions rendered below. Furthermore, although we presently have no jurisdiction to determine whether sanctions should have been granted below, we are not bound to ignore the background information provided by the parties' briefs and by the written opinions of the lower courts, insofar as that information establishes the frivolous and vexatious nature of the present appeal, which we feel it does.

### 1. *Motion for Fees and Costs*

 Appellee A.J. Bennazar–Zequeira filed a Surreply And/Or Motion Under 28 U.S.C. § 1927 seeking attorneys fees and costs against appellants for filing this appeal against him. As the bankruptcy court noted in its opinion denying sanctions against Bennazar and others, appellants' claim against Bennazar was based solely on his involvement in the preparation of a single motion, which the bankruptcy court granted in part. *See* Bankr.Op. at 5, 7. The bankruptcy court specifically found that Bennazar engaged in no conduct that might warrant sanctions under Rule 11. *See id.* at 5.

Appellants have nevertheless dragged attorney Bennazar through a round of appeals before the district court and now into this Court, at a cost of considerable time and money to Bennazar as well as to the courts. The only conceivable motive for such inclusion, it seems to us, is the continued harassment of Bennazar (along with the other appellees). This conclusion is strengthened by the frivolity of the present appeal, which is based solely on a challenge to the denial of sanctions by the bankruptcy court. Although we do not find a case from this circuit specifically dealing with the denial of a sanctions motion under the Bankruptcy Rules and Rule

---

4. Although the circuits were until recently divided on the question of whether an attorney no longer representing a party could take an interlocutory appeal from a sanctions order in the underlying case, the Supreme Court has now spoken on this precise issue. In *Cunningham v. Hamilton County, Ohio,* 527 U.S. 198, 119 S.Ct. 1915, 1917, 144 L.Ed.2d 184 (1999), the Court held that an order imposing sanctions on an attorney pursuant to Federal Rule of Civil Procedure 37(a)(4) was not an appealable final decision, even though the attorney was no longer involved in the case. That determination confirms our previous decisions in this area. *See United States v. Kouri–Perez,* 187 F.3d 1, 14 (1st Cir.1999) (finding sanctions order pursuant to district court's "inherent powers" not immediately appealable); *Appeal of Licht & Semonoff,* 796 F.2d 564, 573 (1st Cir.1986) (finding sanctions pursuant to Federal Rule of Civil Procedure 26(g) not immediately appealable).

of Civil Procedure 11, the existing case law is such that appellants should have known that their chances of success were infinitesimal. *See Cunningham,* 119 S.Ct. at 1917 (order imposing sanctions on an attorney pursuant to Federal Rule of Civil Procedure 37(a)(4) was not an appealable final decision, even though the attorney was no longer involved in the case); *Kouri–Perez,* 187 F.3d at 14 (finding sanctions order pursuant to district court's "inherent powers" not immediately appealable); *Appeal of Licht &. Semonoff,* 796 F.2d at 573 (finding sanctions pursuant to Federal Rule of Civil Procedure 26(g) not immediately appealable). Although we do not suggest that every "long shot" appeal is frivolous, the particular history of this case is such that we can infer that the likelihood of failure was easily outweighed by the desire to harass the appellees, and the limited involvement of attorney Bennazar in the underlying proceedings heightens the frivolity and vexatious nature of the appeal as to him in particular. Under the circumstances, we think that Bennazar's unopposed motion for attorney's fees and costs is justified, and we award him $5,000 in attorney's fees, as well as costs under Federal Rule of Appellate Procedure 38.

### 2. *Costs to Other Appellees*

 Appellees Rodríguez, Carvajal, and Pérez also requested costs and fees in the conclusion of their initial brief filed with this court. We do not feel, at this time, that these appellees have sufficiently established that they are entitled to attorney's fees. We do, however, find that they are entitled to an award of costs, both because we think that this appeal borders on sanctionable frivolity as against all appellees and because the award of costs to appellees is normal when an appeal is dismissed. *See* Fed. R.App. P. 39(a)(1). We therefore grant the request of Rodríguez, Carvajal, and Pérez for costs, and we award costs *sua sponte* to the remaining appellees.

### III. Conclusion

For the reasons stated, we dismiss the appeal, award $5,000 in attorney's fees to appellee Bennazar, and award costs to all appellees.[5]

**Dismissed.**

---

5. As noted above, Antonio Betancourt, Delfina Betancourt, and Olga Capó–Román are the appellants in this case, despite the caption's reference to Empresas Omajede, Inc. There-fore, costs and fees shall be charged to the individual appellants, rather than to the corporation.